UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

    Plaintiff,

v.

U.S. JUDICIAL COMMISSION, et al.,

    Defendants.

Case No. 25-cv-00866-EKL

**ORDER DISMISSING CASE WITHOUT LEAVE TO AMEND**

Re: Dkt. Nos. 1, 2

Self-represented Plaintiff Steve Garrison filed this action and an application to proceed *in forma pauperis*. *See* ECF No. 1 ("Complaint"), No. 2 ("IFP Application"). Having considered Plaintiff's IFP application, the application is GRANTED. In this Order, the Court screens the complaint and finds that it must be dismissed with prejudice for failure to state a claim.

**I.  BACKGROUND**

Garrison claims that three cases he previously filed in the Northern District of California "were dismissed [without] a summons" and "in violation of FRCP 4." Compl. at 3-4. Garrison contends that issuance and service of a summons was mandatory in his prior cases, *id*. at 4, and that only a grand jury can dismiss a case, *id*. at 7. Garrison seeks $2.5 billion in damages, ECF No. 1-1, and an injunction ordering service of the summons in the prior cases, *see* Compl. at 7.

Garrison identifies three prior cases that, in his view, were improperly dismissed. The first case, *Garrison v. Brown*, No. 11-cv-1901 (N.D. Cal.), was dismissed on January 8, 2013. On January 27, 2014, the Ninth Circuit Court of Appeals affirmed dismissal, holding that the district court "properly dismissed Garrison's action because Garrison failed to allege sufficient facts in his Second Amended Complaint showing that defendants violated his constitutional rights." Mem. at 2, *Garrison v. Brown*, No. 13-15189, ECF No. 27 (9th Cir. Jan. 27, 2014). The second case,

*Garrison v. Davila*, No. 13-cv-5862 (N.D. Cal.), was initially dismissed because Garrison asserted claims against defendants who were immune from liability. Order of Dismissal at 1, ECF No. 26. The case was finally dismissed on November 5, 2014, for failure to prosecute after Garrison failed to amend his complaint. *Id*. at 4. The third case, *Garrison v. Trump*, No. 17-cv-5104 (N.D. Cal.), was dismissed on December 15, 2017, after Garrison became non-responsive and failed to update his address as required by Civil Local Rule 3-11. Order of Dismissal, ECF No. 8.

In his complaint, Garrison asserts claims under the 1964 Civil Rights Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and 22 U.S.C. § 7102.[1] These claims are brought against the "U.S. Judicial Commission," District Judge Yvonne Gonzalez Rogers, and District Judge James Donato. The "U.S. Judicial Commission" is not a real entity, and the complaint includes only one conclusory allegation that the Commission is "responsible" for his cases being dismissed. Compl. at 4. Judge Gonzalez Rogers presided over Garrison's *Davila* and *Trump* cases. The complaint lacks allegations against Judge Donato, who did not preside over any case referenced in the complaint.[2]

## II. DISCUSSION

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Here, the Court finds that the complaint must be dismissed for three reasons: for failure to state a claim, because Garrison's claims are untimely, and because his claims are barred by judicial immunity.

---

[1] Garrison does not specify which title of the 1964 Civil Rights Act he is invoking, and the Court cannot identify any title that may be relevant to Garrison's allegations. Separately, the statutory provision that Garrison cites, 22 U.S.C. § 7102, does not provide a private right of action. Rather, it defines certain terms that are used in other statutes. Because Garrison references "human trafficking" in the complaint, *see* Compl. at 5, the Court infers that Garrison seeks to bring a claim under the Trafficking Victims Protection Act, 18 U.S.C. § 1595 ("TVPA").

[2] District Judge Edward J. Davila presided over Garrison's *Brown* case.

First, the complaint does not allege any facts that plausibly state a claim under the 1964 Civil Rights Act, RICO, or the TVPA. Garrison does not allege any form of discrimination that could give rise to a claim under any title of the 1964 Civil Rights Act. Garrison does not allege an enterprise as required for his RICO claim. *See Boyle v. United States*, 556 U.S. 938, 946 (2009) (stating requirements for a RICO enterprise); *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015) (affirming dismissal where plaintiff failed to allege "how Defendants associated together for a common purpose"). Finally, Garrison does not allege that he is a victim of human trafficking as required for his TVPA claim. *See* 18 U.S.C. 1595(a) (providing a civil remedy for victims of trafficking).

Second, with one possible exception, Garrison's claims are untimely. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (holding that dismissal is appropriate when the expiration of the limitations period is "apparent on the face of the complaint"). TVPA claims must be brought within "10 years after the cause of action arose," 18 U.S.C. 1595(c)(1), which is the longest limitations period of the claims Garrison asserts here.[3] The complaint was filed on January 27, 2025, which is more than ten years after the *Davila* and *Brown* cases were dismissed.[4] Therefore, all Garrison's claims arising from dismissal of the *Davila* and *Brown* cases are time-barred. The *Trump* case was dismissed more than seven years before this action was filed, thus Garrison's RICO and TVPA claims arising from dismissal of that case are time-barred.

Third, because Garrison seeks monetary damages and retrospective injunctive relief, his claims are barred by judicial immunity. *Lund v. Cowan*, 5 F.4th 964, 970, 973 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from

---

[3] "The statute of limitations for civil RICO actions is four years." *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). The statutes of limitations for claims under the 1964 Civil Rights Act vary, but no relevant limitations period exceeds four years.

[4] The Court may take judicial notice of facts that are apparent from the dockets in the prior cases – including dismissal dates – because those cases give rise to the claims here. *See United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) (Courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))).

3

1  damage liability for acts performed in their official capacities."). Judicial immunity applies to

2  judicial acts, and the dismissal of a case is a quintessential judicial act entitled to immunity. *See*

3  *Lund*, 5 F.4th at 971 (discussing factors used to determine whether an act is judicial).

4  Additionally, judicial immunity bars Garrison's claims against the "U.S. Judicial Commission"

5  because Garrison seeks to hold this entity vicariously liable for judicial acts of immune

6  Defendants. *Id*. at 973 (rejecting proposed claims against another entity because those claims

7  "stem from the conduct" of a judge "who enjoys judicial immunity").

8  For the foregoing reasons, Garrison's complaint must be dismissed for failure to state a

9  claim.

10  **III.    DISMISSAL IS WITHOUT LEAVE TO AMEND**

11  The Court concludes that the complaint should be dismissed with prejudice and without

12  leave to amend. In making this determination, the Court considers factors such as "undue delay,

13  bad faith or dilatory motive on the part of the [Plaintiff], repeated failure to cure deficiencies by

14  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

15  the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The

16  Court also considers "the number of times the plaintiff has already been allowed to amend."

17  *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

18  Here, the Court finds that dismissal without leave to amend is appropriate because

19  amendment would be futile, as Garrison's claims are legally deficient. *Kroessler v. CVS Health*

20  *Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to

21  withstand dismissal as a matter of law, courts consider amendment futile."); *Lamoon, Inc. v.*

22  *Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (When a plaintiff's "claims have

23  underlying legal deficiencies that cannot be cured, amendment would be futile."). First,

24  amendment would be futile to the extent that Garrison's claims are time-barred, and no additional

25  facts could render the claims timely. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir.

26  2018) (Leave to amend need not be granted "when the claims are barred by the applicable statute

27  of limitations."). Second, amendment would be futile because Defendants are absolutely immune

28  from suit. *Dydzak v. Cantil-Sakauye*, Nos. 23-15784, 23-16193, 2025 WL 1248814 (9th Cir. Apr.

4

30, 2025) (affirming dismissal of claims "on the basis of judicial immunity" without leave to amend); *Ezor v. Duffy-Lewis*, 857 F. App'x 412, 413 (9th Cir. 2021) (same); *Keliihuluhulu v. Strance*, 692 F. App'x 406, 407 (9th Cir. 2017) (affirming dismissal without leave to amend of claims "barred by judicial immunity because amendment would have been futile"); *Middleton v. Martingale Investments, LLC*, 621 F. App'x 396, 396-97 (9th Cir. 2015) (same).  Under these circumstances, dismissal without granting leave to amend is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Garrison's complaint with prejudice. The Clerk is directed to close this case.  The Clerk is also directed to unseal the record in this case.[5]

**IT IS SO ORDERED.**

Dated: December 22, 2025

Eumi K. Lee
United States District Judge

---

[5] The docket in this case was sealed when the complaint was filed because Garrison indicated that his complaint raised a claim under the False Claims Act, ECF No. 1-1, which is incorrect. Therefore, sealing is not necessary.

5